# LONDON FISCHER LLP

59 MAIDEN LANE
NEW YORK, NEW YORK 10038

IRVINE OFFICE
2505 McCABE WAY, SUITE 100
IRVINE, CALIFORNIA 92614

(212) 972-1000
FACSIMILE: (212) 972-1030

LOS ANGELES OFFICE
515 S. FLOWER STREET, SUITE 1000
LOS ANGELES, CALIFORNIA 90071

www.LondonFischer.com

May 27, 2022

**VIA ECF**

The Honorable Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

    Re:    *U.S. Specialty Ins. Co. v. Massachusetts Bay Ins. Co. and Hanover Ins. Co.*
              Civil Action No.: 1:21-cv-10590 (PAE)

Dear Judge Engelmayer:

    I write on behalf of plaintiff U.S. Specialty Insurance Company ("USSIC") to request, pursuant to Local Civil Rule 37.2 and Rule 2.C. of Your Honor's Individual Rules and Practices in Civil Cases, an informal conference with the Court for a pre-motion discovery conference regarding the failure of defendants Massachusetts Bay Insurance Company and Hanover Insurance Company to comply with the Court's Civil Case Management Plan and Scheduling Order (the "Order"). (ECF No. 23) The Order states that initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than 14 days from the date of the Order. The Order is dated April 11, 2022, so initial disclosures were due by April 25, 2022. Plaintiff made its initial disclosures on April 22, 2022. Defendants have still not made their initial disclosures, which are now more than 30 days late.

    I have personally met and conferred on multiple occasions with counsel for the Defendants regarding Defendants' failure to comply with the Order.[1] Unfortunately, the meet and confer efforts have been unsuccessful.

    Plaintiff requests an informal conference with the Court to discuss the Defendants' failure to comply with the Order. At the informal conference, Plaintiff would also like to discuss a firm briefing schedule for Plaintiff's anticipated motion for partial summary judgment on defendant Massachusetts Bay's duty to defend.[2] Plaintiff further contends that, based on Defendants' willful

---

[1] Among other attempts, I emailed Defendants' counsel on April 26, 2022, had an email exchange with counsel on April 28th, spoke with counsel on May 13th and May 17th, and left a voicemail for and sent emails to counsel on May 25th.

[2] A description of this case is contained in the parties' Joint Status letter dated April 4, 2022 (ECF No. 21). In brief, USSIC seeks: (i) a declaration that Defendants have a duty to defend and indemnify the owners and General Contractor in an underlying action pending in New York state court, and (2)

{N2155313.1 }

The Honorable Paul A. Engelmayer
May 27, 2022
Page 2

non-compliance with the Court's Order, Defendants should be precluded from offering any evidence in opposition to Plaintiff's motion for partial summary judgment on the duty to defend, which in any event should be decided based solely on the pleadings in the Underlying Action, the applicable contract, and the policies.

For the foregoing reasons, USSIC requests an informal conference with the Court.

Respectfully yours,

*Jan H. Duffalo*

Jan H. Duffalo

cc: Arthur J. Smith, Esq. (via ECF and email)

Defendants are directed to file a letter on the docket of this case in response to this letter, no longer than 3 single-spaced pages, by the end of the day on Monday, June 6, 2022.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge
6/2/2022

---

reimbursement from defendant Massachusetts Bay for costs USSIC has incurred in defending the owners and General Contractor in the underlying action.
{N2155313.1}